**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

LEADERSHIP INSTITUTE and
TURNING POINT USA at the UNIVERSITY
OF NEW MEXICO,

      Plaintiffs,

v.                                            Case No. 1:24-cv-187

GARNETT STOKES, in her official capacity
as President of the University of New Mexico,

JOSEPH SILVA, in his official capacity as
Chief of Police of the University of New
Mexico Police Department,

TIMOTHY STUMP, in his official capacity as
Lieutenant of the University of New Mexico
Police Department,

CHERYL WALLACE, in her official capacity
as Director of the Student Union Building at
the University of New Mexico,

DENNIS ARMIJO, in his official capacity as
Assistant Director of the Student Union
Building at the University of New Mexico, and

RYAN LINDQUIST, in his official capacity as
Director of the Student Activities Center at the
University of New Mexico,

      Defendants.

## <u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

      Defendants Garnett Stokes, in her official capacity as President of the University of New

Mexico, Joseph Silva, in his official capacity as Chief of Police of the University of New Mexico

Police Department, Timothy Stump, in his official capacity as Lieutenant of the University of New

Mexico Police Department, Cheryl Wallace, in her official capacity as Director of the Student

Union Building at the University of New Mexico, Dennis Armijo, in his official capacity as Assistant Director of the Student Union Building at the University of New Mexico, and Ryan Lindquist, in his official capacity as Director of the Student Activities Center at the University of New Mexico, (collectively "UNM") hereby respond to Plaintiffs' Complaint for Declaratory and Injunctive Relief filed February 27, 2024 [Doc. 1] (the "Complaint") and affirmatively defends as follows:

1.      In response to the allegations made in Paragraph 1 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

2.      In response to the allegations made in Paragraph 2 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

3.      UNM denies the allegations in Paragraph 3 of the Complaint.

4.      UNM denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 5.

6.      UNM admits the allegations in Paragraph 6 of the Complaint except UNM is without knowledge regarding Riley Gaines' particular advocacy for all women in sports and therefore denies the same.

7.      UNM denies the allegations in Paragraph 7 of the Complaint.

8.      UNM denies the allegations in Paragraph 8 of the Complaint.

9.      UNM denies the allegations in Paragraph 9 of the Complaint.

10.     In response to the allegations in Paragraph 10 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

11.     UNM denies the allegations in Paragraph 11 of the Complaint.

12.     UNM denies the allegations in Paragraph 12 of the Complaint.

13.     UNM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them. UNM affirmatively states Leadership Institute is not a proper party and lacks standing in this case.

14.     In response to Paragraph 14, UNM admits Turning Point USA at the University of New Mexico is a chartered student organization at the University of New Mexico and is without knowledge regarding the remainder of the allegations and therefore denies the same.

15.     UNM admits the allegations in Paragraph 15 of the Complaint.

16.     In response to Paragraph 16 of the Complaint, UNM admits the allegations and affirmatively states that at all times material Joseph Silva was also the Director of University Security.

17.     In response to Paragraph 17 of the Complaint, UNM admits at all times material Timothy Stump was a Lieutenant of the UNM Police Department and affirmatively states Timothy Stump is currently a Commander of the UNM Police Department.

18.     UNM admits the allegations in Paragraph 18 of the Complaint.

3

19.     UNM denies the allegations in Paragraph 19 of the Complaint and affirmatively states at all times material Dennis Armijo is the Associate Director of the Student Union Building at UNM.

20.     UNM admits the allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 26.

27.     In response to the allegations in Paragraph 27 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

28.     In response to the allegations in Paragraph 28 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

29.     In response to the allegations in Paragraph 29 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

30.     In response to the allegations in Paragraph 30 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

31.     In response to the allegations in Paragraph 31 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

32.     In response to the allegations in Paragraph 32 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

33.     UNM denies the allegations in Paragraph 33 of the Complaint.

34.     In response to the allegations in Paragraph 34 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

35.     In response to the allegations in Paragraph 35 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

36.     In response to the allegations in Paragraph 36 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

37.     In response to the allegations in Paragraph 37 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

38.     In response to the allegations in Paragraph 38 of the Complaint, the referenced

document speaks for itself and is the best evidence of what it states.

39.     In response to the allegations in Paragraph 39 of the Complaint, the referenced

document speaks for itself and is the best evidence of what it states.

40.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 40 of the Complaint and therefore deny them.

41.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 41 of the Complaint and therefore deny them.

42.     In response to the allegations in Paragraph 42 of the Complaint, the referenced

document speaks for itself and is the best evidence of what it states.

43.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 43 of the Complaint and therefore deny them.

44.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 44 of the Complaint and therefore deny them.

45.     UNM admits the scheduling conflict was discovered early September of 2023,

UNM denies the remaining allegations in Paragraph 45 of the Complaint.

46.     UNM admits TP-UNM had a meeting with Defendants Stump, Armijo, and

Wallace on September 5, 2023. UNM denies that TP-UNM student representatives learned that

UNM planned to move the event to a different space. As to the remaining allegations in Paragraph

46 of the Complaint, the referenced document speaks for itself and is the best evidence of what it

states.

47.     UNM admits the allegations in Paragraph 47 of the Complaint.

48.     UNM admits the allegations in Paragraph 48 of the Complaint.

49.     In response to Paragraph 49 of the Complaint, upon information and belief, Plaintiffs have recordings of the referenced meetings and UNM states the recording speaks for itself and denies any allegations inconsistent with the recording.

50.     In response to Paragraph 50 of the Complaint, upon information and belief, Plaintiffs have recordings of the referenced meetings and UNM states the recording speaks for itself and denies any allegations inconsistent with the recordings.

51.     In response to Paragraph 51 of the Complaint, upon information and belief, Plaintiffs have recordings of the referenced meetings and UNM states the recording speaks for itself and denies any allegations inconsistent with the recordings.

52.     In response to Paragraph 52 of the Complaint, upon information and belief, Plaintiffs have recordings of the referenced meetings and UNM states the recording speaks for itself and denies any allegations inconsistent with the recordings.

53.     In response to Paragraph 53 of the Complaint, UNM admits a third meeting was on September 18, 2023 between TP-UNM's student representatives and Defendants Lindquist and Stump. UNM also admits Defendant Stump provided TP-USA with a new quote of $7,420.00. UNM denies the remaining allegations in Paragraph 53.

54.     UNM admits the allegations in Paragraph 54 of the Complaint.

55.     UNM admits the allegations in Paragraph 55 of the Complaint.

56.     UNM admits the allegations in Paragraph 56 of the Complaint.

57.     In response to the allegations in Paragraph 57 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

58.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 58 of the Complaint and therefore deny them.

59.     In response to the allegations in Paragraph 59 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

60.     UNM admits Ms. Gaines came to campus on Wednesday, October 4, and spoke from 7:00-9:00 pm, but denies the number of people in the crowd.

61.     UNM admits the allegations in Paragraph 61 of the Complaint.

62.     UNM denies the allegations in Paragraph 62 of the Complaint.

63.     UNM admits the allegations in Paragraph 63 of the Complaint.

64.     UNM admits the allegations in Paragraph 64 of the Complaint.

65.     In response to the allegations in Paragraph 65 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

66.     UNM denies the allegations in Paragraph 66 of the Complaint.

67.     In response to the allegations in Paragraph 67 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

68.     UNM admits the invoice remains unpaid, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint and therefore deny them.

69.     UNM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore deny them.

70.     UNM admits the allegations in Paragraph 70 of the Complaint.

71.     UNM denies the allegations in Paragraph 71 of the Complaint.

72.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 72 of the Complaint and therefore deny them.

73.     UNM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and therefore deny them.

74.     UNM admits the allegations in Paragraph 74 of the Complaint.

75.     UNM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore deny them.

76.     In response to Paragraph 76 of the Complaint, UNM admits Plaintiffs should not be forced to pay excessive and unreasonable security fees, but denies its security fees are excessive and unreasonable.

77.     In response to the allegations made in Paragraph 77 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

78.     In response to the allegations made in Paragraph 78 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

79.     In response to the allegations made in Paragraph 79 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

80.     UNM is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 80 of the Complaint and therefore deny them.

81.    UNM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore deny them.

82.    In response to the allegations made in Paragraph 82 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

83.    In response to the allegations made in Paragraph 83 of the Complaint, UNM states the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) are legal conclusions and argument of counsel and require no response.   If the Court deems a response is required, UNM denies the allegations.

84.    The allegations in Paragraph 84 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 84.

85.    The allegations in Paragraph 85 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 85.

86.    In response to the allegations made in Paragraph 86 of the Complaint, UNM incorporates herein by reference their responses to the foregoing allegations.

87.    The allegations in Paragraph 87 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 87.

88.     The allegations in Paragraph 87 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 of the Complaint are legal conclusions which therefore, require no response. If a response is required, UNM denies the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 of the Complaint are legal conclusions which therefore, require no response. If a response is required, UNM denies the allegations in Paragraph 90.

91.     UNM denies the allegations in Paragraph 91 of the Complaint.

92.     UNM denies the allegations in Paragraph 92 of the Complaint.

93.     UNM denies the allegations in Paragraph 93 of the Complaint.

94.     UNM denies the allegations in Paragraph 94 of the Complaint.

95.     In response to the allegations made in Paragraph 95 of the Complaint, UNM incorporates herein by reference their responses to the foregoing allegations.

96.     The allegations in Paragraph 96 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 96.

97.     The allegations in Paragraph 97of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 97.

98.     UNM denies the allegations in Paragraph 98 of the Complaint.

99.     UNM denies the allegations in Paragraph 99 of the Complaint.

100.    UNM denies the allegations in Paragraph 100 of the Complaint.

101.    UNM denies the allegations in Paragraph 101 of the Complaint.

102.    UNM denies the allegations in Paragraph 102 of the Complaint.

103.    UNM denies the allegations in Paragraph 103 of the Complaint.

104.    In response to the allegations made in Paragraph 104 of the Complaint, UNM incorporates herein by reference their responses to the foregoing allegations.

105.    The allegations in Paragraph 105 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 105.

106.    UNM denies the allegations in Paragraph 106 of the Complaint.

107.    UNM denies the allegations in Paragraph 107 of the Complaint.

108.    UNM denies the allegations in Paragraph 108 of the Complaint.

109.    In response to the allegations made in Paragraph 104 of the Complaint, UNM incorporates herein by reference their responses to the foregoing allegations.

110.    The allegations in Paragraph 110 of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 110.

111.    UNM denies the allegations in Paragraph 111 of the Complaint.

112.    UNM denies the allegations in Paragraph 112 of the Complaint.

113.    UNM denies the allegations in Paragraph 113 of the Complaint.

114.    UNM denies the allegations in Paragraph 114 of the Complaint.

12

115.    In response to the allegations in Paragraph 115 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

116.    In response to the allegations in Paragraph 116 of the Complaint, the referenced document speaks for itself and is the best evidence of what it states.

117.    The allegations in Paragraph 117of the Complaint are legal conclusions which therefore, require no response.   If a response is required, UNM denies the allegations in Paragraph 117.

118.    UNM denies the allegations in Paragraph 118 of the Complaint.

119.    UNM denies the allegations in Paragraph 119 of the Complaint.

120.    In response to Plaintiffs' "Relief Requested," UNM states Plaintiffs are not entitled to the relief requested.

121.    Any allegations in the Complaint not responded to are hereby specifically denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action alleged therein are barred to the extent that UNM's conduct was not the actual or proximate cause of any loss suffered by Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

All of the actions taken by UNM was in the exercise of good faith and UNM had reasonable grounds for believing their actions did not violate federal or state law.

## THIRD AFFIRMATIVE DEFENSE

Any alleged acts or omissions were made by UNM in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations or administrative practice or enforcement policies and UNM did not commit any violations of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by equitable defenses, including but not limited to impossibility, estoppel, waiver and/or release.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to seek the relief demanded because Plaintiffs have not suffered a sufficient injury in fact from the conduct alleged in the Complaint and no actual case or controversy exists.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted against UNM.

## SEVENTH AFFIRMATIVE DEFENSE

Leadership Institute is not a proper party to this litigation and lacks standing.

## EIGHTH AFFIRMATIVE DEFENSE

UNM has not violated Plaintiffs' First Amendment rights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs do not face imminent or irreparable harm.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not face a credible threat of enforcement from UNM.

## TWELFTH AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction.

14

### THIRTEENTH AFFIRMATIVE DEFENSE

UNM has not violated Plaintiffs' free speech rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

UNM has not discriminated against Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

UNM has not violated Plaintiffs' rights to exercise their constitutional rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

UNM has not violated Plaintiffs' due process rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

UNM has not violated Plaintiffs' right to equal protection.

### EIGHTEENTH AFFIRMATIVE DEFENSE

UNM has treated all similarly situated individuals the same as Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

UNM has not violated Plaintiffs' right to expressive association.

### TWENTIETH AFFIRMATIVE DEFENSE

UNM's actions have been constitutional.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees and costs under the facts of this case.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

UNM Defendants, who are sued only in their official capacities, are immune from any claim for a monetary award, including but not limited to claims for attorneys' fees and costs under 42 U.S.C. § 1988, by sovereign immunity.

<h3 style="text-align:center">TWENTY-FOURTH AFFIRMATIVE DEFENSE</h3>

UNM Defendants reserve the right to assert any additional affirmative defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

WHEREFORE, having fully answered and affirmatively defended, UNM respectfully requests that this Court dismiss the Complaint with prejudice, award UNM the attorney's fees and costs of this action and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

By  */s/ Patricia G. Williams*
        Patricia G. Williams
*Attorneys for UNM*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
pwilliams@wwwlaw.us

We hereby certify that on this 1st day of April 2024,
the foregoing was filed electronically through the
CM/ECF system, which caused all parties or counsel
of record to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WIGGINS, P.C.

By_____*/s/ Patricia G. Williams*_____
        Patricia G. Williams

17