## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Leadership Institute et al.                    ,

                         Plaintiffs,

vs.                                                                                      CIVIL NO. 1:24-cv-187-DHU-JMR

Stokes et al.                              ,

                      Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on Friday, April 19, 2024, at 3:00 PM EST via Zoom and was attended by:

Braden Boucek, Ben Isgur, and Carter Harrison for Plaintiffs

Patricia Williams for Defendants.

## NATURE OF THE CASE

This is a First Amendment case brought under 42 U.S.C. § 1983 concerning the University of New Mexico's security fee policy. Plaintiffs seek declaratory and injunctive relief as well as nominal damages. Defendants filed an Answer on April 1, 2024, denying that Plaintiffs are entitled to relief.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Neither party intends to move to amend the pleadings or to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Plaintiff Turning Point USA at the University of New Mexico is a chartered student organization at the University of New Mexico.

2. Defendant Garnett Stokes is the President of the University of New Mexico. At all times relevant to this complaint, Defendant Stokes exercised control over the other Defendants under color of state law and within the scope of her employment.

3. Defendant Joseph Silva is the UNM Police Department's Chief of Police and the Director of University Security. At all times relevant to this complaint, Defendant Silva acted under color of state law and within the scope of his employment.

4. Defendant Timothy Stump was a Lieutenant of the UNM Police Department during the relevant time period and is currently a Commander of the UNM Police Department. At all times relevant to this complaint, Defendant Stump acted under color of state law and within the scope of his employment.

5. Defendant Cheryl Wallace is the Director of the Student Union Building at UNM. At all times relevant to this complaint, Defendant Wallace acted under color of state law and within the scope of her employment.

6. Defendant Ryan Lindquist is the Director of the Student Activities Center at UNM. At all times relevant to this complaint, Defendant Lindquist acted under color of state law and within the scope of his employment.

7. TP-UNM planned an event for October 4, 2023, featuring speaker Riley Gaines, a former Division I swimmer and employee of Leadership Institute.

8. In early September of 2023, a scheduling conflict was discovered with the space TP-UNM had booked for Ms. Gaines' speech.

9. Student leaders of TP-UNM met with Defendants Stump, Armijo, and Wallace on September 5, 2023.

10. Student leaders of TP-UNM met with Defendants Stump and Wallace on September 7, 2023, to discuss ways to lower the security costs.

11. Defendant Stump informed TP-UNM that the quote of over $10,000 reflected his intent to station all thirty-three police officers UNM employed at or near the event for its entire duration, as well as for one hour before and after, for a total of 5.5 hours per officer.

12. In a third meeting on September 18, 2023, between TP-UNM's student representatives and Defendants Lindquist and Stump, Defendant Stump provided TP-UNM with a new quote of $7,420.00.

13. Defendant Stump also agreed to dismiss officers during the event where possible to keep costs down.

14. Defendant Stump informed TP-UNM's student representatives that they needed to agree in writing to pay the security fee invoice or else the event would not be allowed to proceed.

15. UNM presented TP-UNM with a Space Reservation Agreement for KIVA lecture hall (reservation agreement).

16. Riley Gaines came to campus on Wednesday, October 4, 2023, and spoke from 7:00-9:00 p.m.

17. The event was open to members of the public; they needed tickets to enter, but the tickets were free.

18. No violence broke out, no property was damaged, and no arrests were made related to the event.

19. The day after the event, Defendant Stump sent an invoice to TP-UNM totaling $5,384.75.

20. Plaintiffs have not paid the invoice yet.

21. Students for Life America is no longer a chartered student organization at UNM after the students did not renew their charter.

22. An event featuring Roxxxy Andrews took place on a Thursday evening, at 7:00 p.m., in the UNM Student Union.

23. Exhibits ECF Nos. 5-2, 5-3, 5-4, 5-5, 5-6, 5-8, and 15-2 are authentic copies of the documents.

24. A true and accurate copy of UNM Board of Regents Policy 2.1 is preserved at https://perma.cc/LUT8-K4ZX.

25. A true and accurate copy of UNM Policy 2230 is preserved at https://perma.cc/34LH-6REL.

26. A true and accurate copy of UNM's special events notification form is preserved at https://perma.cc/7XEK-DWTN.

27. A true and accurate copy of UNM Policy 5250 is preserved at https://perma.cc/M9KJ-7KX3.

The parties further stipulate and agree that the law governing this case for the federal claims is 42 U.S.C. § 1983, and for the state claim, NMSA 1978, § 41-4A-3(A).

## PLAINTIFFS' CONTENTIONS:

Plaintiffs contend that the decision on the part of UNM to charge greater security fees to a student group based on the anticipated reaction from the crowd to the speaker violates the First Amendment. UNM policy regarding security fees actively discourages speech that it deems

controversial, or to which it fears a potential violent reaction. To do this, it charges exorbitant security fees. These security fees are based not only on objective factors like the size of the event, but also on the content and viewpoint of the speech. These high fees discourage and suppress speech on UNM's campus, in violation of the First Amendment.

Pursuant to UNM's policies, Plaintiffs were initially invoiced for over $10,000 to hold a small, brief speaking engagement with an invited guest, Riley Gaines. Ms. Gaines planned to speak about the importance of preserving competitive eligibility in women's sports—a highly-relevant topic in the current year, and a topic specifically relevant to university students. UNM eventually lowered the fee to $5,000. This high fee greatly discourages them from speaking. In fact, because of this fee, Plaintiffs have declined to schedule any events for the upcoming semester on UNM campus, even though they would like to.

And, if they were different speakers who brought a different message, it is unlikely that UNM would have charged them anything at all. Defendant Stump informed the students that an event like a screening of the Barbie movie probably would not have been required to pay any security fees. Plaintiffs observed an event featuring the drag queen Roxxxy Andrews, which also appeared to have no security.

Plaintiffs contend that Defendants, through the security fee policy, have violated their First Amendment rights by discriminating against their speech based on viewpoint and content. Plaintiffs allege Defendants charged them more to speak because they feared a hostile audience reaction to the speech and because it disapproved of their message. Further, the security fee policy permitted Defendants to do this by being vague and overbroad and conferring unlimited discretion on Defendants to impose security fees. Defendants also maintain an unconstitutional policy that permitted Defendant Stokes to enact the security fee policy in the first place.

## **DEFENDANTS' CONTENTIONS**

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted against UNM.  Plaintiffs lack standing to seek the relief demanded because Plaintiffs have not suffered a sufficient injury in fact from the conduct alleged in the Complaint and no actual case or controversy exists.  Leadership Institute is not a proper party to this litigation and lacks standing.

The Complaint and each purported cause of action alleged therein are barred to the extent that UNM's conduct was not the actual or proximate cause of any loss suffered by Plaintiffs. The Court does not have subject matter jurisdiction.  The UNM Defendants, who are sued only in their official capacities, are immune from any claim for a monetary award, including but not limited to claims for attorneys' fees and costs under 42 U.S.C. § 1988, by sovereign immunity.

UNM has not violated Plaintiffs' First Amendment rights.  UNM has not violated Plaintiffs' rights to exercise their constitutional rights.  UNM has not violated Plaintiffs' due process rights.  UNM has not violated Plaintiffs' right to equal protection.  UNM has not violated any of Plaintiffs' free speech rights. UNM has not violated Plaintiffs' right to expressive association. UNM has not discriminated against Plaintiffs.  All of the actions taken by UNM was in the exercise of good faith and UNM had reasonable grounds for believing their actions did not violate federal or state law.  UNM has treated all similarly situated individuals the same as Plaintiffs. UNM's actions have been constitutional.

Any alleged acts or omissions were made by UNM in conformity with and in reliance on applicable administrative regulations, orders, rulings, approvals or interpretations or administrative practice or enforcement policies and UNM did not commit any violations of law.

Plaintiffs' claims are barred in whole or in part by equitable defenses, including but not limited to impossibility, estoppel, waiver and/or release.

Plaintiffs do not face a credible threat of enforcement from UNM.  Plaintiffs are not entitled to attorneys' fees and costs under the facts of this case. Plaintiffs have suffered no damages. Plaintiffs do not face imminent or irreparable harm. Plaintiffs have failed to mitigate their damages, if any.

UNM Defendants reserve the right to assert any additional affirmative defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

**Witnesses in care of Plaintiffs' counsel:**

Jonathan Gonzales (student co-President of TP-UNM)
Kenna Fleig (student co-President of TP-UNM)
Sarah Clark (employee of Leadership Institute)
Riley Gaines (employee of Leadership Institute)

**Witnesses in care of Defendants' counsel:**

Garnett Stokes (Defendant)
Joseph Silva (Defendant)
Timothy Stump (Defendant)
Cheryl Wallace (Defendant)
Dennis Armijo (Defendant)
Ryan Lindquist (Defendant)
Eric Scott, VP Student Affairs

List all documents which you believe, at this time, will be exhibits at the trial.

**Plaintiffs' Exhibits:**

1. Exhibits 1 through 5 of the Gonzales Declaration (ECF Nos. 5-2 through 5-6);
2. Exhibit 1 to the Clark Declaration (ECF No. 5-8);
3. Recordings of the meetings that occurred on September 5, 2023, September 7, 2023, and September 18, 2023, between TP-UNM's student leadership and various Defendants;

4. Authenticated copies of UNM policies 2.1, 2230, and 5250.

**Defendants' Exhibits:**
1. UNM Invoice ($10,202.50)
2. UNM Invoice ($7,420.00)
3. UNM Space Reservation Agreement
4. UNM Invoice ($5,384.75)
5. UNM Events Calendar
6. Letter dated 9/21/2023 re paying reasonable security costs for Riley Gaines event
7. Exhibit A to Stump Declaration
8. Invoices for other events (2)
9. Wallace emails
10. Cinnamon Blair's correspondence with media
11. Audio & Videos taken by Plaintiff's
12. Audio taken by UNMPD
13. TPUSA at UNM Constitution
14. UNM Policies: Regents 2.1, UAP 2230, UAP 5250
15. UNM Student Code of Conduct
16. UNM Special Event Form
17. IPRA Response to Plaintiff's request for records

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Neither party plans on using experts at this time.**

**Discovery will be needed on the following subjects:**

Plaintiffs' claims as asserted in the Complaint as well as Defendants' defenses as asserted in their answer.

**Written Discovery:**

The parties agree to the following:

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Responses due 30 days after service).

**Depositions:**

Maximum of 10 depositions by Plaintiffs and 10 by Defendants.

Each deposition limited to maximum of <u>4</u> hours unless extended by agreement of parties.

All fact discovery will be completed by **November 1, 2024**. Supplementation under Rule 26(e) shall occur no later than 30 days before the close of discovery.

**Expert Discovery:**

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiffs by **July 26, 2024**.

from Defendants by **September 13, 2024**.

All expert discovery shall be completed by **November 15, 2024**.

## PRETRIAL MOTIONS

Plaintiffs intend to file: motions for summary judgment, motions in limine, motions related to discovery (if necessary); and *Daubert* motions (if necessary).

Defendants intend to file: motions to dismiss, motions for summary judgment, motions in limine, motions related to discovery (if necessary), *Daubert* motions (if necessary), as may be required by the facts and procedural history of the case.

## ESTIMATED TRIAL TIME

The parties estimate trial will require <u>**3**</u> days.

<u>X</u> This is a non-jury case.

<u> </u> This is a jury case.

The parties request a pretrial conference one month before trial or as ordered by the Court.

## SETTLEMENT

The possibility of settlement in this case is considered exceptionally unlikely in this case. Plaintiffs primarily request declaratory and injunctive relief that would normally be exempted

from this requirement under LR 16.3(r). Plaintiffs do request nominal damages. The parties do

not request a settlement conference.

## **<u>EXCEPTIONS</u>**

Objections of any party are noted in the section related to those objections.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

_____
For Plaintiff

_____
For Defendant

_____
Other Party