SETTLEMENT AGREEMENT AND RELEASE

Whereas, on February 27, 2024, Leadership Institute and Turning Point USA at the University of New Mexico ("Plaintiffs") filed a Complaint against **Garnett Stokes**, in her official capacity as President of the University of New Mexico, **Joseph Silva**, in his official capacity as Chief of Police of the University of New Mexico Police Department, **Patrick Burk**, in his official capacity as Lieutenant of the University of New Mexico Police Department, **Dennis Armijo**, in his official capacity as Director of the Student Union Building at the University of New Mexico, **Anders Flagstad**, in his official capacity as Assistant Director of the Student Union Building at the University of New Mexico, and **Ryan Lindquist**, in his official capacity as Director of the Student Activities Center at the University of New Mexico (collectively "Defendants") in the United States District Court for the District of New Mexico (case No. 1:24-cv-00187-DHU-JMR);

Whereas Plaintiffs alleged in their Complaint that Defendants had violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the New Mexico Civil Rights Act, NMSA 1978, § 41-4A-1 in its handling of conservative speaker events planned by Plaintiffs on the University of New Mexico ("UNM") campus;

Whereas on September 26, 2024, United States District Judge David H. Urias issued a Memorandum Opinion and Order finding that Plaintiffs had demonstrated that they were likely to succeed on the merits of Count I of the Complaint and enjoining Defendants from enforcing the security fee policy vis-à-vis speech events and collecting payment for security fees related to the event identified by Plaintiffs in the Complaint;

Whereas Defendants are complying with the Court's September 26, 2024 Memorandum Opinion and Order;

Whereas on October 25, 2024, the Court ordered Plaintiffs and Defendants (collectively, "the Parties") to engage in settlement discussions with Magistrate Judge Jennifer M. Rozzoni;

Whereas the Parties attended a settlement conference with Magistrate Judge Rozzoni on February 26, 2025;

Whereas the parties admitted to the stipulated facts in the parties' joint status report of May 1, 2024, and Defendants deny Plaintiffs' allegations of unlawful conduct and deny that Plaintiffs are entitled to either damages or equitable relief on the claims asserted in the Complaint;

IT IS HEREBY AGREED by and between Plaintiffs on the one hand, and Defendants, on the other hand, as set forth below:

## I.  Background.

1.  <u>Definitions.</u>

As used in all parts of this Settlement Agreement (including the exhibits which are part of the Settlement Agreement), the following terms have the meanings specified below:

1.1    The "Litigation" shall mean case 1:24-cv-00187-DHU-JMR in the United States District Court for the District of New Mexico.

1.2    "Releasee" means, the individual Defendants, the University of New Mexico and the Risk Management Division of the General Services Department of the State of New Mexico (collectively the "Releasees").

1.3    "Released Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever under state or federal law including without limitation statutory, constitutional, contractual, or common law claims, whether known or unknown, including without limitation claims for actual damages, nominal damages, unpaid costs, penalties, punitive damages, interest, attorneys' fees, litigation costs, injunctive relief, declaratory relief, or other equitable relief, against the Releasees, relating

to any and all allegations and/or claims that have been or could have been asserted in the Litigation.

       1.4    "Settlement Agreement" means this agreement and all of its exhibits, which the Parties understand and agree sets forth all material terms and conditions of the settlement between them.

       2.    <u>The Nature of This Settlement Agreement</u>

This Settlement Agreement and all associated exhibits or attachments ("Settlement Agreement") is made for the sole purpose of consummating settlement of *Leadership Institute, et al. v. Garnett Stokes, et al.*, 1:24-cv-00187-DHU-JMR, United States District Court for the District of New Mexico ("the Litigation").

Defendants deny all of Plaintiffs' allegations of unlawful conduct and deny that Plaintiffs are entitled to either damages or equitable relief on the claims asserted in the Complaint. Defendants have agreed to resolve the Litigation by this Settlement Agreement; but, to the extent this Settlement Agreement is deemed void or for any reason does not take effect, Defendants do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, and to assert any and all defenses or privileges. Plaintiffs and Plaintiffs' Counsel agree that Defendants retain and reserve these rights.

Plaintiffs further understand and agree that this instrument shall constitute a complete and final discharge of any and all claims that Plaintiffs may have against any party herein released for damages to the person or property of Plaintiffs, including but not limited to the following damages: for property damage, if any; for personal injury, if any; for punitive or exemplary damages, if any; for claims of violations of civil rights or other rights as provided by federal or state law, including but not limited to rights under the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the New Mexico Civil Rights Act, if any; for claims arising under the New Mexico Inspection of Public Records Act, if any; for interest, costs, and attorney's fees; and for any other claims that Plaintiffs have or may have resulting from or arising out of the incident(s) referred to in the Complaint filed in Cause No. 1:24-

cv-187-DHU-JMR.

## II.    **The Parties to this Settlement Agreement.**

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) Plaintiffs, with the assistance and approval of Plaintiffs' Counsel; and (ii) Defendants, with the assistance of their counsel of record. The Settlement Agreement is intended by the Settling Parties to result in final resolution of the Litigation and to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions thereof.

Plaintiffs stipulate and agree that for the purpose of the settlement set forth herein that they are the proper parties to execute this Settlement Agreement in the capacity designated herein. As a further consideration for this compromise, Plaintiffs further agree and covenant to defend, protect, indemnify, save and to hold harmless the Releasees, and their respective present and former administrators, personal representatives, officials, officers, agents, servants, employees, attorneys, members, elected or appointed directors, affiliates, predecessors, successors or assigns, if any person, firm, corporation, agency or other entity shall assert or attempt to assert any claim for reimbursement, contribution or indemnification or arising from any actual or claimed lien or subrogation right or any claim of interest in or entitlement to all or a part of any of the proceeds of this Settlement Agreement. Plaintiffs shall indemnify Releasees for any and all judgments, awards, settlements, costs, attorneys' fees or expenses, of whatsoever kind or nature incurred by Releasees if the actions described herein are not successfully defended by Plaintiffs and counsel of their choosing. It is the intent of the Parties to completely and fully terminate any exposure or liability on the part of Releasees. Plaintiffs further understand and agree to indemnify and hold Defendants harmless against loss, including attorney's fees, from any and every claim or demand

of every kind and character, including claims for contribution, which may be asserted by or through Plaintiffs by reason of the matters alleged in the Complaint, any and all damages from those matters and any and all effects or consequences thereof, including, but not limited to, claims that Plaintiffs lacked the capacity or otherwise acted improperly in making this settlement and executing this Settlement Agreement, regardless of whether the Defendants may have been negligent or otherwise acted improperly.

Plaintiffs consider the money now being paid by Releasees as a complete settlement of these claims, and accepts same as a full and final settlement of all claims, rights and damages which it may now have or may have in the future against Releasees arising from the incident described in the Complaint filed in Cause No. 1:24-cv-187-DHU-JMR.

**III.    Terms of Settlement Agreement.**

      1.    <u>Settlement Measures:</u>

          1.1    The University of New Mexico Office of University Counsel will recommend that the University Administrative Policy 2230: Major Events Policy ("Events Policy") be amended as provided in Exhibit A. UNM revised Regents' Policy 2.1 effective December 19, 2024. The parties understand that Exhibit A is a draft policy subject to further negotiation and comments, based in part on the outcome of the settlement conference. These proposals will be considered in good faith by University of New Mexico, potentially along with other proposals related to this policy proposal. Plaintiffs and Defendants agree to seek a stay of the Litigation pending this review process. Within 30 days of signing this agreement, UNM will adopt the proposed changes shown in Exhibit A in substantial part. If Plaintiffs determine that UNM has not adopted the proposed changes shown in Exhibit A in substantial part within 20 days of the effective date of the policy, Plaintiffs shall have the option to 1) terminate this Settlement Agreement by providing written notice to Defendants 72 hours in advance of termination; or 2) request a second settlement conference to attempt to resolve any outstanding issues. If Plaintiffs exercise the first option, the Settlement Agreement shall be deemed null and void, and Plaintiffs

shall be entitled to pursue the Litigation in ordinary course, and neither party will have the rights or obligations provided in this Settlement Agreement, as if this Settlement Agreement had never been entered into.

1.2     Within 60 days after execution of this Agreement and the provision of valid W-9s by Plaintiffs' counsel, provided that the Agreement has not been terminated at Plaintiffs' option and Plaintiffs have not requested a second settlement conference pursuant to section 1.1 above, Releasees will make three separate one-time payments to Plaintiffs' counsel to compensate them for attorney's fees and nominal damages of $1 per Plaintiff claimed, respectively, in the Litigation. Releasees shall make these payments as follows: $101,415 made payable to Southeastern Legal Foundation, $17,585 made payable to Harrison & Hart, LLC, and $2 made payable to Harrison & Hart, LLC. By agreeing to make this payment, Defendants in no way admit that Plaintiffs are or would be a prevailing party in the Litigation. Plaintiffs agree to indemnify and hold Releasees harmless from any claims arising from the distribution of the settlement proceeds.

1.3     Following the signing of this Settlement Agreement and the disbursement of attorney's fees pursuant to section 1.2 above, and within 21 days of Events Policy, including the appended security fee schedule attached here as Exhibit B, being amended and adopted by the University of New Mexico in the manner specified by section 1.1 above, Plaintiffs will file a motion with the United States District Court for the District of New Mexico requesting that the Litigation be dismissed with prejudice in light of the Parties' settlement and will attach this settlement agreement.

1.4     No later than the beginning of the Summer 2025 academic semester, University of New Mexico will adopt the security fee schedule attached as Exhibit B. The standard rates for security and police services provided by the University of New Mexico Police Department ("UNMPD") and external providers may be increased annually in accordance with the Events Policy.

1.5     UNM agrees that it will not attempt to collect the outstanding fees

6

charged to Plaintiffs under the now-enjoined policies. Plaintiffs agree not to attempt to recoup prior paid security fees from UNM.

    2.    Releases.

    2.1    In consideration for the payment of $119,002 to Plaintiffs and the Defendants' agreement to undertake the "Settlement Measures" listed in sections 1.1 through 1.4 above, on behalf of themselves, their present and former employees, members, officers, directors, agents, heirs, executors, administrators, and assigns, Plaintiffs, to the fullest extent permitted by law, agree to forever unconditionally and irrevocably release, acquit, and discharge, and by operation of the signing of this Settlement Agreement shall have, fully, finally, and forever released, acquitted, and discharged all Released Claims. The intent of this Settlement Agreement is to completely and fully terminate any exposure or liability on the part of the parties released by this instrument.

    2.2    Plaintiffs expressly acknowledge that this Settlement Agreement is intended to include in its effect, without limitation, claims and causes of action which they do not know of or suspect to exist in their favor at the time of execution hereof and that this Agreement contemplates extinguishment of all such claims and causes of action.

    3.    Miscellaneous Provisions.

    3.1    Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability on the part of Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

    3.2    All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

    3.3    The Settlement Agreement may be amended or modified only by a

written instrument signed by or on behalf of all Settling Parties or their respective successors- in-interest.

3.4     The Settlement Agreement constitutes the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties, and covenants expressly contained and memorialized in such documents.

3.5     Plaintiffs further agree and stipulate that in making this settlement, Plaintiffs have not relied on statements or representations regarding its rights, claims for damages, and nature and extent of its injuries, if any, by Defendants or Defendants' agents, attorneys, or representatives. To the contrary, Plaintiffs have considered all of these matters and have relied on their own judgment.

3.6     Each Party shall bear its own costs.

3.7     Plaintiffs each specifically acknowledge the following:

(a)     An authorized representative of each possesses sufficient education and experience to fully understand the terms of this Settlement Agreement as it has been written, the legal and binding effect of the Settlement Agreement, and the exchange of benefits and promises herein.

(b)     An authorized representative of each has read this Settlement Agreement fully and completely and understands its significance.

(c)     No inducements, statements, or representations have been made that are not set out expressly in this Settlement Agreement, and Plaintiffs do not rely on any inducements, statements, or representations not set forth expressly herein.

(d)     Each enters into this Settlement Agreement knowingly and voluntarily and of their own free will and choice.

(e)    Each has been encouraged and given the opportunity to consult with an attorney of their choice, which each has done.

3.8    Each counsel or other person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

3.9    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. If the Settlement Agreement is filed with the Court, a complete set of executed counterparts shall be filed.

3.10    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; however, this Settlement Agreement is not designed to and does not create any third-party beneficiaries unless otherwise specifically so provided herein.

3.11    The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of New Mexico, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Mexico without giving effect to that State's choice-of-law principles.

3.12    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their respective counsel. All parties and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.

3.13    Plaintiffs agree and stipulate that the payment of the consideration recited herein does not constitute an admission of liability on the part of Defendants, but rather that the payment represents a compromise settlement of a disputed claim for the purpose of avoiding additional costs and expense and the possibility of an adverse verdict by a judge or at a trial. The payment of any amount or release hereto is not to be construed for any purposes as an admission of liability on the part of Defendants, which liability is specifically denied. The terms of this agreement are contractual and not a mere recital. All agreements between the parties are expressed herein.

3.14    Should any provision of this Settlement Agreement or any action taken pursuant to this Settlement Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Settlement Agreement.

3.15    Pursuant to NMSA 1987, § 15-7-9, Plaintiffs acknowledge that the terms and conditions of this settlement shall be subject to public inspection on and after the date this Settlement Agreement is signed by all of the parties. As to the disclosure of this settlement, Plaintiffs agree to waive any and all rights to privacy they may assert under the Family Educational Rights and Privacy Act (FERPA) and any other applicable law. All parties understand and agree that none of the settlement funds paid herein are for any confidentiality provision.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, and this Settlement Agreement is AGREED TO:

DATED: 3/21/25 , 2025

By: _____

For: Plaintiff Leadership Institute

DATED: 03/11/2025 , 2025

By: Jonathan M. Gonzales (Mar 11, 2025 09:26 MST)

For: Plaintiff Turning Point USA at UNM

DATED: 03/07/2025 , 2025

By: Garnett S. Stokes (Mar 7, 2025 15:29 MST)

Garnett S. Stokes

GARNETT STOKES

DATED: 03/08/2025 , 2025

By: Joseph Silva (Mar 8, 2025 00:27 MST)

JOSEPH SILVA

DATED: 03/09/2025 , 2025

By: Patrick Burk (Mar 9, 2025 19:50 MDT)

Patrick Burk

PATRICK BURK

DATED: 03/09/2025 , 2025

By: _____

Dennis-Ray Armijo

DENNIS ARMIJO

11

DATED: 03/07/2025 , 2025

*Anders Flagstad*

By: Anders Flagstad (Mar 7, 2025 13:34 MST)

ANDERS FLAGSTAD

DATED: 03/10/2025 , 2025

By: Ryan Lindquist (Mar 10, 2025 08:28 MDT)

RYAN LINDQUIST

**APPROVED AS TO FORM**

DATED:  March 27 , 2025

SOUTHEASTERN LEGAL FOUNDATION
BRADEN H. BOUCEK
BENJAMIN I. B. ISGUR

HARRISON & HART LLC
CARTER B. HARRISON

By: *Braden Boucek*
Braden Boucek (Mar 27, 2025 14:54 CDT)

Attorney for Plaintiffs

DATED:  March 28 , 2025

CONKLIN, WOODCOCK, ZIEGLER &
HAZLETT, P.C.

By: *Taylor Hartstein*

TAYLOR F. HARTSTEIN
Attorney for Defendants

## Exhibit A

**Major Event Policy (UAP 2230) and Appendix A thereto (Event Risk Grid)**

# Administrative Policies and Procedures Manual – Policy 2230: Major Event Policy

**Date Originally Issued: 03-15-2007**
**Revised: 3-[6]-2025**

Authorized by RPM 2.1 Free Expression and Advocacy; RPM 2.2 Speakers from Off Campus; RPM 2.8: Visitors to the University; RPM 8.1 Special Use of University Facilities; RPM 8.2 Law Enforcement on Campus

Process Owner: Executive Vice President Finance and Administration

## 1.    General

The University of New Mexico is committed to free speech as essential to its educational mission and to the protection of people and property and the preservation of human rights. The University is also committed to enabling student organizations to host events on campus that supplement and enrich student educational experiences. Campus facilities may also be made available to other Non-departmental Users, including members of the public, for events that result in the generation of revenue in support of UNM's mission, even if they do not enrich student educational experiences.

This policy is intended to support the ability of Non-departmental Users, including Chartered Student Organizations (CSO's), to host events, including Major Events, on campus and will be applied without regard to the perspectives or positions expressed in connection with those events. All criteria for assessing whether an event is a Major Event, and whether and to what extent the event requires security, will be applied in a viewpoint-neutral manner and without regard to the content of any performance or speaking aspect of the event.

The UNM Police Department ("UNMPD") is responsible for providing police and security services to achieve this objective and places emphasis on proactive measures that include maintaining adequate security for events taking place at the University's Albuquerque campus. Security services include, but are not limited to, deployment of UNMPD officers, state or local police officers, or private security officers to serve as guard posts, patrols, escorts, and provide facility checks at University-sponsored or sanctioned events. Any security to be provided by outside vendors must be approved by the Chief of Police and contracted through the UNMPD.

## 2.    Applicability

This policy applies to all property leased or under the control of the University used for any event on UNM's Albuquerque campus by a Non-departmental User, including CSO's. CSO's are autonomous and independent from the University and are expected to pay for the basic costs

1

of security necessary to safely carry out an event on campus. Non-departmental Users' use of campus facilities shall be subject to a contract with the University.

This policy does not apply to events hosted by Departmental Users. This policy does not apply to events held at Popejoy Hall or a UNM athletics venue. Non-Departmental Users planning events at Popejoy Hall or a UNM athletics venue are subject to policies and procedures applicable to those venues.

Events held in Cornell Mall are not subject to this policy to the extent they 1) are used by Non-departmental Users for Speech Activities, as defined below, between 8:00 am to 9:00 p.m., seven days per week, 2) comply with University policies, including the rules concerning amplified sound, and 3) are conducted in a manner that does not disrupt scheduled events or reserved use of the space.

## 3.    Definitions

**Authorized Campus Official** – The President or the President's designee charged with determining whether an event qualifies as a Major Event and determining the appropriate and reasonable level of security needed for a Major Event. No member of the UNMPD is an Authorized Campus Official for purposes of this policy.

**Chartered Student Organization (CSO)** – A group of students organized and officially recognized by the University by complying with the chartering requirements of the University.

**Departmental User** – Current employees of UNM acting within the course and scope of their UNM employment, and academic and administrative departments of UNM.

**Event Sponsor** – Any individual or group hosting an event on the Albuquerque campus.

**Major Event** – Any planned gathering including but not limited to celebrations, social gatherings (with or without amplified music or sound), lectures, forums, performances, concerts, rallies, speaker presentations, and conferences, if **ONE or more of the following apply:**

1. 300 or more people are expected to attend or participate;
2. Event is a dance or concert with amplified sound, at which a majority of the audience will not be seated;
3. Alcohol will be served, unless the event is a) a University-sponsored memorial service reception, celebration or conference attended by fewer than 300 people, or b) is an event held at Hodgin Hall or at a venue not permitted for use by Non-departmental Users;
4. Outdoor amplified sound is requested;
5. Authorized Campus Officials determine that the event is likely to significantly affect campus safety and security (based in part on an assessment completed by the UNMPD) or significantly affect campus services beyond those provided by the administrative unit making the event facility available (including roads and parking on campus); or

6. Authorized Campus Officials determine that the event has a substantial likelihood of interfering with campus functions or activities other than the functions and activities of the administrative unit making the event facility available.

See Section 4.2 below for more information regarding criteria 5 and 6 above.

**Non-departmental User** – Individuals other than current employees of UNM acting within the course and scope of their UNM employment, and organizations other than academic and administrative departments of UNM, including private individuals, private corporations, non-profit organizations, unincorporated organizations, and student organizations (chartered or otherwise).

**Speech Activities** – Any activity **(1)** defined in UAP 2220: Freedom of Expression and Dissent or **(2)** protected by the freedom of speech guarantees of the First Amendment to the United States Constitution or the laws of the State of New Mexico.

# 4. Security Services for Major Events

## 4.1 Event Notification Form

A Non-departmental User intending to host an event that is reasonably likely to be a Major Event must complete an Event Notification Form via the UNMPD website at least six (6) weeks before the event to enable the UNMPD to conduct a security assessment of the planned event. The Event Notification Form must be completed even if the Event Sponsor does not anticipate a need for security. The UNMPD does not need to be notified when University facilities are used for events that are not likely to qualify as Major Events, such as regular meetings of student groups or small gatherings.

## 4.2 Determination of a Major Event

The Authorized Campus Official will use the **Event Risk Grid (Appendix A)** to assist in determining the potential impact of an event and what permits, reviews, or other requirements may be necessary.

Permissible criteria to be used to determine whether an event is *likely to significantly affect campus safety and security or significantly affects campus services* are the following: (a) the proposed location of the event, (b) the estimated number of participants, (c) the time of the day that the event is to take place, (d) the date and day of the week of the event, (e) the proximity of the event to other activities or locations that may interfere, obstruct, or lessen the effectiveness of the security measures being implemented, (f) the resources needed to secure the event, (g) the anticipated weather conditions, (h) the estimated duration of the event, (i) any objective and credible evidence regarding actual threats to campus safety or security, and (j) any similar viewpoint- and content-neutral considerations relevant to assessment of campus safety, security, and services.

Permissible criteria to be used to determine whether an event has *a substantial likelihood of significantly interfering with other campus functions or activities* are the following: (a) the proposed location of the event, (b) the estimated number of participants, (c) the time of the day the event is to take place, (d) the expected duration of the activity; (e) the activity's timing in relation to the academic or events calendar (for example, proposed scheduling during the first week of classes or during final examination week); (f) the expected noise level to be generated by the activity; (g) the need for and/or availability of University resources and personnel to facilitate, oversee or control the activity; and (h) any similar viewpoint- and content-neutral considerations relevant to assessment of potential disruption to campus functions or activities.

## 4.3.    Security Assessment

The UNMPD will conduct a security assessment of a planned Major Event. The security assessment will consider the information provided in the Event Notification Form, the Event Risk Grid (Appendix A), and other objective and credible evidence of specific risks. The UNMPD shall consult with the Office of University Counsel to ensure this assessment is not based on the viewpoints, opinions, or anticipated expression of event speakers, sponsors, participants, community, or performers. Permissible factors the UNMPD may consider include, but are not limited to, the following:

- an accurate estimate of the number of attendees at the event
- the venue's size and location
- the number of entrances and exits, within the venue, and access to restrooms and other facilities near the venue
- whether the event will be open to the public
- whether there will be a ticketing process for entry
- length of time scheduled for the event
- whether the event will occur during daylight or evening hours
- the date and day of the week for the event
- the anticipated weather conditions
- the proximity of the event to other activities or locations that may interfere, obstruct, or lessen the effectiveness of the security measures being implemented
- resources needed to secure the event
- whether a fee will be charged for entry, goods, or services
- whether alcohol will be served at the event
- any similar content-neutral considerations relevant to assessment of security needs.

The goal of UNMPD's security recommendation will be to:

- minimize risks to the health and safety of the event participants and audience;
- minimize risks to the campus and surrounding community;
- maximize the ability of the event organizers to successfully hold the Major Event; and
- protect the exercise of rights of free expression by the event organizers, participants, and community.

4

Recommended security measures may include, but are not limited to, adjusting the venue, date, and/or time of the event; providing UNM, local or state law enforcement; imposing controls or security checkpoints; and/or creating buffer zones around the venue. In the event UNM elects to adjust the venue for security purposes, any additional cost attributed to the venue adjustment will not be assessed to the CSO.

### 4.4. Security provided by Sponsors, Speakers or Performers

Any outside security brought to an event on the UNM campus by the Event Sponsor must be approved by the UNM Chief of Police. This includes personal security hired by event speakers or performers that is not subject to an existing security contract with UNM. Personal security shall adhere to UAP 2210 ("Campus Violence") and state laws regarding weapons on campus.

### 4.5 Schedule of Security Fees

A security fee schedule applicable to CSOs for events scheduled through the SUB or the Registrar will be updated regularly and posted online. [LINK HERE] ("Security Fee Schedule"). UNM may review the Security Fee Schedule annually and update it to reflect increases in the standard rates for security and police services provided by the UNMPD and external providers. The basic cost of security will be charged to all other Non-departmental Users based on the security assessment and criteria set forth above. The Event Sponsor may request security beyond that required by the security assessment as long as the Event Sponsor agrees to pay for the additional cost.

If UNM requires additional security for a Speech Activity beyond what the published schedule anticipates, the University will bear all costs associated with that additional security. Additional security fees will not be charged to Event Sponsors of Speech Activities based on concerns that the content of the event or the viewpoints, opinions, or anticipated expression of the sponsors, event performers, or others participating in the event might provoke disturbances or response costs required by such disturbances. Security measures deemed necessary by UNM to confront or deter potential unlawful activity, disruption, and/or violence at a Speech Activity sponsored by a CSO is the responsibility of the University. CSO's will not be charged for extraordinary security necessary to respond to protests or protect the community.

## 5.    Major Events Committee

The Major Events Committee consists of representatives from areas of the University including but not limited to Event Services, UNMPD, emergency management, the Office of University Counsel, the University Controller and Risk Services. The committee shall meet regularly to review events planned to take place in Albuquerque. The committee will consider the security assessment completed by the UNMPD for any Major Event and shall make a recommendation to the Authorized Campus Official as to the appropriate and reasonable level of security for a planned Major Event.

The committee is responsible for updating the Security Fee Schedule (**Appendix B**).

# 6.    Payment for Security Services

The UNMPD will collaborate with UNM Event Services and the Event Sponsor with regard to the number of police officers, security officers, or combination of officers required to reasonably address the safety and security of participants at an event based on the determination of the Authorized Campus Official. When necessary, the University will contract with an external vendor for security services. In that situation, the Event Sponsor may be billed directly by the outside provider of security services, consistent with the Security Fee Schedule (**Appendix B**).

The CSO is responsible for paying the cost of the minimum security for a Major Event set forth in the Security Fee Schedule (**Appendix B**). A CSO may apply to student government for funding to cover the costs associated with hosting a Major Event. Members of student government shall review such requests without regard to the content or viewpoints anticipated to be expressed during the event.

Non-departmental Users, other than CSOs: These Non-departmental Users are responsible for paying the actual cost of security for a Major Event based on the security assessment and determination of the Authorized Campus Official in accordance with Sections 3 and 4.2 above. Non-departmental Users that are not affiliated with the University may be required to pay a deposit based on the estimated security costs.

Departmental Users: Departmental Users hosting Major Events will be invoiced internally for the cost of security deemed necessary by the Authorized Campus Official for the Major Event.

# 7.    Appeal Rights

A determination under items 5 or 6 of the Major Event definition may be appealed to the President or a designee of the President who must be an Assistant Vice President or above who was not involved in the initial review of the event.

If the Event Sponsor disagrees with the security measures required by the Authorized Campus Official for a Major Event, the Event Sponsor may submit an appeal to the President or the President's designee at least ten (10) days prior to the event. The President's designee must be a cognizant Assistant Vice President or above who was not involved in the planning or review of the Major Event.

# 8.    Cancellations

In extraordinary circumstances, if the security risk to the University is too high, the Chief of Police, in consultation with the Executive Vice President for Finance and Administration, is authorized to cancel the event, program, or facility rental. The decision to cancel an event may be appealed to the President.

If an event is canceled by a party other than the University, the sponsor must notify the UNMPD no later than two (2) business days prior to the scheduled date of the event, program, or rental. Inadequate notice, including cancellations due to unforeseen circumstances (such as inclement weather, speaker cancellation, equipment failures), will result in the Event Sponsor being charged for any security costs incurred by UNMPD or external law enforcement or security officers.

## 9.    Insurance coverage

Event Sponsors are required to obtain and provide proof of insurance coverage prior to their use of campus facilities for Major Events.  For guidance regarding insurance, refer to the Event Risk Grid (**Appendix A**) or contact UNM Risk Services.

## 10.    Sanctions for non-compliance with Policy

Event Sponsors may lose the privilege of booking events in campus facilities if they violate any provision of this policy.  Conduct that may be a violation of the Student Code of Conduct will be referred to the Dean of Students for consideration.

## 11.    References

RPM 2.1: Free Expression and Advocacy

RPM 2.2:  Speakers from Off Campus

RPM 7.14:  Risk Management and Insurance

RPM 8.2:  Law Enforcement on Campus

UAP 2140: Use and Possession of Alcohol on University Property

UAP 2210:  Campus Violence (e.g., Weapons Prohibited on University Premises)

UAP 2220: Freedom of Expression and Dissent

UAP 5250: Use of University Facilities

UNM Student Activities Center: Event Planning Guide

Special Event Notification Form

UNM Major Events Policy – UAP 2230

**Appendix A:  Event Risk Grid**

EVENT WORKSHEET

## I.     UNMPD SECURITY ASSESSMENT

A UNMPD Security Assessment is required for **ALL dances** and **concerts.**

In addition, a UNMPD Security Assessment is required IF the following type of event meets <u>any</u> of the checked criteria:

| Type of Event | Promoted via Social Media? | Cash Involved at Entry? | Metal Detector Requested? | Will Alcohol be Served? | Celebrity or Public Figure involved? |
|---|---|---|---|---|---|
| Lecture / Speech | X | X | X | | X |
| Conference | | | | X | X |
| Ceremony[1] | | | | X | X |
| Social Gathering[2] | X | X | X | X | X |

## II.     INSURANCE

If the planned event is a Major Event or involves any of the following, the Event Sponsor should contact UNM Risk Services to determine whether and to what extent insurance will be required for the event.  Proof of adequate insurance by the Performer, Speaker or Vendor may serve as a substitute for an event insurance policy.

| Event involves: | Insurance | | | |
|---|---|---|---|---|
| Outside party performing | X | | | |
| Minors | X | | | |
| Transportation needed | X | | | |
| External Food vendor | X | | | |
| Bounce house or other physical activities | X | | | |
| DJ or Band | X | | | |
| Celebrity or Public Figure | X | | | |
| | | | | |

Checklist for Events involving Minors:

- Accidental injury report form?
- Authorization for Consent to Treatment of Minors form?
- Emergency contact information?
- Waiver forms from parents/guardians?

---

[1] Examples:  Graduation ceremonies, initiation ceremonies, memorial services.

[2] Social events may or may not involve amplified sound.  Examples:  talent show, banquets, karaoke, movies.  Only graduate social events, or events with family invited, may have a bar.  No undergraduate social events are permitted to have a bar.

Rev. March 2025

# Exhibit B

## Appendix B to Major Event Policy (Security Fee Schedule)

**Appendix B to UAP 2230**

**Security Fee Schedule**

Minimum Security required for events sponsored by **Chartered Student Organizations**[1] for events reserved through

UNM Event Services for the SUB or the Registrar for Classrooms[2]

| Type | Venue capacity or expected participation | Minimum security | If Cash involved at event | If Metal detector requested by Sponsor | If alcohol involved[3] | Notes |
|---|---|---|---|---|---|---|
| Dance[4] | < 99 | 1 SPO | | 2 SPOs / detector | 1 SPO / bar | 1 SPO / bar; max 4 bars |
| | 100-349 | 2 SPO | | | 2-3 SPO | |
| | 350-699 | 3 SPO + 2 OFC | | | 3-4 SPO | |
| | 700- 1000 | 4 SPO + 2 OFC | | | 4 SPO | |
| Concert indoor[5] | < 199 | 1 SPO | | 2 SPOs / detector | n/a | |
| | 200-399 | 2 SPO | | | n/a | |
| | 400-599 | 3 SPO + 2 OFC | | | n/a | |
| | 600-799 | 4 SPO + 4 OFC + 1 SGT | | | n/a | |
| | 800- 1000 | 5 SPO + 1 SPVSR + 4 OFC + 1 SGT | | | n/a | |
| Lecture/speech | Any size | No charge | 1 SPO | 2 SPOs / detector | n/a | |
| Conference | <99 | No charge | n/a | | 1 SPO / bar | 1 SPO / bar; max 4 bars |
| | 100-350 | No charge | n/a | | 2-3 SPO | |
| | >350 | No charge | n/a | | 3-4 SPO | |
| Ceremony[6] | <99 | No charge | n/a | | 1 SPO / bar | 1 SPO / bar; max 4 bars |
| | 100-350 | No charge | n/a | | 2-3 SPO | |
| | >350 | No charge | n/a | | 3-4 SPO | |
| Social[7] | <99 | No charge | 1 SPO | | 1 SPO / bar | 1 SPO / bar; max 4 bars |
| | 100-350 | No charge | 1 SPO | | 2-3 SPO | |
| | >350 | No charge | 1 SPO | | 3-4 SPO | |

| Type of Security | Minimum Shift | Rate |
|---|---|---|
| Security Patrol Officer (SPO)[8] | 4 hours | $25/hour |
| SPO Supervisor (SPVSR) | 4 hours | $29.50/hour |
| Police Officer (OFC) | 4 hours | $57/hour |
| Police Sergeant (SGT)/Police Lt (LT) | 4 hours | $65/ hour and $72/hour |

---

[1] Chartered Student Organizations are student organizations as defined in UAP 2230.
[2] Excludes events scheduled for Johnson Gym, Residence Hall venues, and other venues with mandated security such as Popejoy Hall and UNM Athletic Facilities.
[3] Typically, there is one bar for every 100 attendees, up to a maximum of four (4) bars in a venue.
[4] Minimum security assumes dance is open to the public. If cash involved, minimum security sufficient.
[5] Minimum security assumes concert is open to the public. No bar permitted. Concerts involve amplified sound and are performance based. Example: musical, comedians, dance performances. If cash involved, minimum security sufficient.
[6] Examples: Graduation ceremonies, initiation ceremonies, memorial services
[7] Social events may or may not involve amplified sound. Examples: talent show, banquets, karaoke, movies. Only graduate social events, or events with family invited, may have a bar. No undergraduate social events are permitted to have a bar.
[8] Provided by external vendor under contract with UNM.

Rev. March 2025

# Signed Settlement Agreement (002)

Final Audit Report                                                                 2025-03-27

| | |
|---|---|
| Created: | 2025-03-27 |
| By: | Braden Boucek (bboucek@southeasternlegal.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAL4Y4uyitsrnJ_5qhf0yxCb1wd6CNMrCg |

## "Signed Settlement Agreement (002)" History

Document created by Braden Boucek (bboucek@southeasternlegal.org)
2025-03-27 - 7:53:09 PM GMT

Document emailed to Braden Boucek (bboucek@southeasternlegal.org) for signature
2025-03-27 - 7:53:14 PM GMT

Email viewed by Braden Boucek (bboucek@southeasternlegal.org)
2025-03-27 - 7:53:32 PM GMT

Document e-signed by Braden Boucek (bboucek@southeasternlegal.org)
Signature Date: 2025-03-27 - 7:54:45 PM GMT - Time Source: server

Agreement completed.
2025-03-27 - 7:54:45 PM GMT

**Adobe Acrobat Sign**